UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICARDO GONZALEZ MONTES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | Case No. 1:26-cv-00229-SNLJ |
| GARY STOLZER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Ricardo Gonzalez Montes, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the legality of his continued civil detention. [Doc. 1]. Petitioner is a citizen and national of Mexico currently detained at the Ste Genevieve County Detention Center. [*Id.* at pp. 2, 7]. The Department of Homeland Security has initiated removal proceedings alleging inadmissibility under *INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I)*. [*Id.* at p. 10].

A court may summarily dismiss a § 2241 petition on initial review without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Eighth Circuit's decision in *Avila v. Bondi* forecloses any challenge to the Government's statutory authority to continue to detain Petitioner without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). *Avila v. Bondi*, 170 F.4th 1128, 1133–38 (8th Cir. 2026) (holding that any noncitizen who has not lawfully entered into the United States "after inspection and authorization by an immigration officer"—falls under § 1225(b)(2)(A)'s mandatory

detention requirement). Additionally, any constitutional claims regarding his continued detention under § 1225(b)(2)(A) are foreclosed by rulings from this Court, the Eighth Circuit, and the Supreme Court. *See Demore v. Kim*, 538 U.S. 510 523 (2003) (holding that mandatory detention pending removal proceedings does not violate due process); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) (holding that mandatory detention pending removal proceedings does not violate due process); *Lugo-Solet v. Mullin*, 1:26-cv-00052-ZMB, 2026 WL 1162233, at *3 (E.D. Mo. Apr. 29, 2026) (collecting cases) (denying habeas relief post-*Avila* and finding, under *Banyee*, petitioner's continued detention during active removal proceedings did not violate due process);[1] *Sangwan v. Warden*, 1:26-cv-71-MAL, 2026 WL 1469187 (E.D. Mo. May 26, 2026) (holding ICE had probable cause to arrest Sangwan because he was a noncitizen present in the United States without inspection and thus subject to mandatory detention); *Zhuang v. Bondi*, 1:25-cv-00201-CMS, 2026 WL 352872 (E.D. Mo. Feb. 9, 2026) (holding warrantless arrest lawful where the

---

[1] The majority of the rulings in this district have held that continued detention under § 1225(b)(2)(A) does not violate due process. *See Suarez v. Noem*, 1:25-cv-00202-JMD, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025), *Cutiopala, v. Noem,*, 1:25-cv-00211-MAL, 2026 WL 113567 (E.D. Mo. Jan. 15, 2026), *Negrete Ramirez v. Noem*, 1:25-cv-00206-CMS, 2026 WL 251725 (E.D. Mo. Jan. 30, 2026), *Bushuev v. Immigration & Customs Enforcement - Enforcement & Removal Operations*, 1:25-cv-213-MAL, 2026 WL 352873 (E.D. Mo. Feb. 9, 2026), *Pineda v. Noem*, 1:26-cv-00016-CMS, 2026 WL 496680 (E.D. Mo. Feb. 23, 2026), *Guillen v. Johnson*, 1:26-cv-10-CMS, 2026 WL 601881 (E.D. Mo. Mar. 4, 2026), *Lugo-Solet v. Mullin*, 1:26-cv-00052-ZMB, 2026 WL 1162233 (E.D. Mo. Apr. 29, 2026), *Camba v. Warden, Ste. Genevieve County Detention Center*, 1:26-cv-00103-MTS, 2026 WL1351225 (E.D. Mo. May 14, 2026), *Sangwan v. Warden*, 1:26-cv-71-MAL, 2026 WL 1469187 (E.D. Mo. May 26, 2026), *Moran v. Warden, Ste. Genevieve County Detention Center*, 1:26-cv-00083-CMS, 2026 WL 1693766 (E.D. Mo. June 11, 2026), *Guevara-Hernandez v. Blanche*, 1:26-cv-59-ZMB, 2026 WL 1728803 (E.D. Mo. June 15, 2026); *Perez by & through her next friend Bracho v. Warden/administrator, Ste. Genevieve Cnty. Det. Ctr.*, 1:26-cv-149-ZMB, 2026 WL 1853286 (E.D. Mo. June 26, 2026), *Diaz Ponce v. Olson*, 1:26-cv-170-MAL, 2026 WL 2058504 (E.D. Mo. July 16, 2026).

arresting agent had reason to believe that Zhuang was in violation of a law or regulation). *Lopez v. Olsen*, 1:26-cv-00112-SNLJ, 2026 WL 2363482 (E.D. Mo. Aug. 14, 2026) (holding the arrest and detention of a noncitizen subject to mandatory detention did not violate the Fourth Amendment).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED**.

**SO ORDERED** this 15th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE